UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-60194

MILTON JONES MANAGEMENT CORPORATION,

    Plaintiff,

v.

INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, UNITED SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and VELOCITY RISK UNDERWRITERS, LLC,

    Defendants.
_____/

## COMPLAINT

MILTON JONES MANAGEMENT CORPORATION ("**Plaintiff**"), by and through its undersigned counsel hereby sues Defendants, INTERSTATE FIRE & CASUALTY INSURANCE COMPANY ("**Interstate**"), UNITED SPECIALTY INSURANCE COMPANY ("**United**"), CERTAIN UNDERWRITERS AT LLOYD'S ("**Lloyd's**" and together with Interstate and United, collectively, the "**Insurers**"), SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (the "**Adjustor**"), and VELOCITY RISK UNDERWRITERS, LLC (the "**Underwriter**") and respectfully alleges, states, and prays as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, MILTON JONES MANAGEMENT CORPORATION, is a Florida for-profit corporation, with its principal place of business in Broward County, Florida.

2. Defendant, INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, is an insurance company organized and existing under the laws of the state of Illinois, with its principal

place of business in Illinois.

3. Defendant, UNITED SPECIALTY INSURANCE COMPANY, insurance company organized and existing under the laws of the state of Delaware, with its principal place of business in the State of Texas.

4. Defendant, CERTAIN UNDERWRITERS AT LLOYD'S, is a collection of "syndicates" consisting of entities authorized to insure risks at Lloyd's of London.

5. Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., is a corporation with its principal place of business in the State of Tennessee, which is authorized to and is in fact doing business in Broward County, Florida.

6. Defendant, VELOCITY RISK UNDERWRITERS, LLC, is an insurance underwriter with its principal place of business in the State of Tennessee, which is authorized to and is in fact doing business in Broward County, Florida.

7. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of attorneys' fees and costs.

8. Venue is appropriately established in this Court under 28 U.S.C. § 1391 because the Insurers conduct business in this district, and the events or omissions giving rise to the claims occurred in this district.

9. All conditions precedent to filing this lawsuit have been performed, waived, or satisfied.

**GENERAL ALLEGATIONS**

10. In consideration of the premiums paid by Plaintiff, the Insurers issued policies of insurance (with respective policy participation numbers: VTZ-CN-0000031-02 for United; VRX-

CN-0000031-02 for Interstate; and VLL-CN-0000031-02 for Lloyd's), with each participating severally and not jointly pursuant to certain percentages set forth therein, collectively under Policy No. 2016-9000031-02) (the "**Policy**"), in effect from March 12, 2017 through March 12, 2018. **See Policy attached and incorporate herein as Exhibit "A."**

11. The Policy insured certain property located at 540 NW 4th Avenue, Fort Lauderdale, FL 33311 (the "**Property**").

12. On September 10, 2017, Hurricane Irma made landfall in the Florida Keys as a Category 4 hurricane. The storm then spread north over Florida's east and west coasts causing widespread damage and losses statewide. **See National Hurricane Center Tropical Cyclone Report attached and incorporated herein as Exhibit "B."**

13. On or about September 10, 2017, while the Policy was in full force and effect, the insured Property sustained damage, including but not limited to roof damage, as a result of Hurricane Irma (the "**Occurrence**").

14. Hurricanes and windstorms are covered perils under the subject Policy.

15. Accordingly, on September 10, 2020, Plaintiff, through its retail broker, Franklin Street Insurance Services, LLC, timely notified Defendants of the damages and filed a claim in accordance with the terms and conditions of the Policy (the "**Claim**"). **See Notice of Claim attached and incorporated herein as Exhibit "C."**

16. In response, on or about October 8, 2020, the Account Manager for the Adjustor, acting on behalf of the Insurers, responded to Plaintiff's Claim and denied coverage for the Occurrence (the "**Denial Letter**"). **See Letter dated October 8, 2020 attached and incorporated herein as Exhibit "D."**

17.    The Adjustor is the third-party claims administrator for the Underwriter, and is the fiduciary charged with making the initial benefit determinations under the Policy, including the one made on the Claim.

18.    The Denial Letter specifically states that the Claim was time-barred pursuant to Section 627.70132 of the Florida Statutes because Hurricane Irma first made land fall on September 10, 2017 at 9:10 AM at Cudjoe Key in the lower Florida Keys, and therefore the cutoff to timely file a claim was by 9:10 AM on September 10, 2020. According to the Adjustor, because the Claim was not reported until 12:29 PM via email, the Insurers did not have to provide coverage under the Policy.

19.    Section 627.70132 of the Florida Statutes, the statewide law governing hurricane and windstorm claims titled "Notice of windstorm or hurricane claim," provides that:

> A claim, supplemental claim, or reopened claim under an insurance policy that provides property insurance, as defined in s. 624.604, for loss or damage caused by the peril of windstorm or hurricane is barred unless notice of the claim, supplemental claim, or reopened claim was given to the insurer in accordance with the terms of the policy *within 3 years after the hurricane first made landfall or the windstorm caused the covered damage*. For purposes of this section, the term "supplemental claim" or "reopened claim" means any additional claim for recovery from the insurer for losses from the same hurricane or windstorm which the insurer has previously adjusted pursuant to the initial claim. This section does not affect any applicable limitation on civil actions provided in s. 95.11 for claims, supplemental claims, or reopened claims timely filed under this section.

(emphasis added).

20.    According to Section 627.70132, Plaintiff had to contact the Insurers regarding hurricane-related losses or damages within three (3) years from the date Hurricane Irma made landfall – September 10, 2017. Accordingly, Plaintiff had until September 10, 2020 to submit its Claim to the Insurers.

21. The Adjustor unjustifiably used an hour and minute standard, instead of using a calendar day, as contemplated in the statute, to calculate the deadline for the Plaintiff to submit the notice of its Claim to the Insurers.

22. The unjustifiable deviation from the common interpretation of the statute, and the standard applied by others in the industry, was nothing more than a deliberate tactic by the Insurers to deny coverage under the Policy. This amounts to bad faith.

23. Plaintiff requested case law supporting the Adjustor's calculation of the deadline, as well as renewed its demand that the Insurers pay its damages. However, the Insurers have failed and/or refused to do either based on the palpably incorrect recommendations and opinions of its Adjustor.

24. As a result of the foregoing, it has become necessary for Plaintiff retain the services of the undersigned law firm and is obligated to pay reasonable attorney's fees for bringing this action, plus necessary costs.

25. Plaintiff is entitled to recover attorneys' fees and costs under Section 627.428 of the Florida Statutes.

## COUNT I – DECLARATORY RELIEF
### (v. the Adjustor and the Underwriters)

Plaintiff, MILTON JONES MANAGEMENT CORPORATION, re-alleges and re-adopts the allegations as set forth in paragraphs 1 through 25 above, and incorporate the same as if fully set forth herein below.

26. This is an action for declaratory relief pursuant to 28 U.S.C. § 220, to clarify Plaintiff's rights to coverage under the Policy.

27. As set forth above, an actual, live controversy exists between Plaintiff and the Adjustor assigned by the Underwriter to make the initial benefit determinations under the Policy

on behalf of the Insurers. Specifically, the parties disagree as to rights and responsibilities in connection with the Claim submitted by Plaintiff to the Insurers, and such controversy will continue to exist unless declaratory relief is provided determining the parties' respective rights and obligations under the Policy.

28. The aforementioned dispute has created a bona fide, actual, and present adverse controversy between the parties regarding the applicability of Section 627.70131 of the Florida Statutes to Plaintiff's demand for coverage and benefits under the Policy.

29. Plaintiff's insured Property was damaged as a result of Hurricane Irma on or about September 10, 2017.

30. Section 627.70132 of the Florida Statute states in pertinent part that a claim under an insurance policy that provides property insurance for loss or damage caused by the peril of windstorm or hurricane must be given to the insurer in accordance with the terms of the policy within 3 years after the hurricane first made landfall or the windstorm caused the covered damage.

31. Section 627.70132 of the Florida Statute does not expressly specify the method for calculating the 3 years prescribed therein.

32. Plaintiff believes that according to Section 627.70132, the Insurers had to be notified regarding hurricane-related losses or damages within three (3) years from the date Hurricane Irma made landfall – September 10, 2017. Accordingly, Plaintiff had until September 10, 2020 to submit its Claim to the Insurers, and in fact did so.

33. The Adjustor assigned by the Underwriter denied coverage for the Occurrence based on a calculation of the 3-year period prescribed by the statute using an hour and minute standard, concluding that any claim submitted after 9:10 AM on September 10, 2020 was untimely.

34. Plaintiff believes that the Adjustor's denial of the Claim is nothing more than an attempt to shorten Plaintiff's statutory right to submit claims within 3 years from the date of the hurricane made landfall.

35. As such, Plaintiff is in need of immediate action from this Court in order to protect its legal rights and ability to seek appropriate remedies.

36. As a result of the foregoing, it has become necessary for Plaintiff retain the services of the undersigned law firm and is obligated to pay reasonable attorneys' fees for bringing this action, plus necessary costs.

37. Plaintiff is entitled to recover attorneys' fees and costs under Section 627.428 of the Florida Statutes.

**WHEREFORE**, Plaintiff, MILTON JONES MANAGEMENT CORPORATION, respectfully requests this Court issue an Order:

A. Declaring that the 3-year time limit prescribed by Section 627.70132 of the Florida Statutes is calculated using a calendar day standard, and therefore Plaintiff had until 11:59 PM on September 10, 2020 to notice the Insurers of its Claim;

B. Declare that the Claim was timely submitted to the Insurers;

C. Awarding Plaintiff attorney's fees and costs; and

D. Any such other and further relief that this Court deems just and appropriate.

### COUNT II – BREACH OF CONTRACT
### (v. the Insurers)

Plaintiff, MILTON JONES MANAGEMENT CORPORATION, re-alleges and re-adopts the allegations as set forth in paragraphs 1 through 25 above, and incorporate the same as if fully set forth herein below.

38. This is a cause of action for breach of contract arising out of an insurance policy

that was in effect at the time of the losses to the insured property.

39. On or about September 10, 2017, Plaintiff's Property sustained significant damage as a result of Hurricane Irma.

40. Hurricanes and windstorms are covered perils under the Policy.

41. Plaintiff timely notified the Insurers of the damages and filed the Claim pursuant to Section 627.70132 of the Florida Statutes and in accordance with the terms and conditions of the Policy.

42. In response, the Underwriter assigned the Adjustor to respond to the Claim.

43. Plaintiff has repeatedly requested that the Insurers pay its damages. However, the Insurers have failed and/or refused to do so based on an improper and palpably incorrect recommendation from the Adjustor.

44. Plaintiff has also complied with all of its obligations under the Policy, or in the alternative, has been excused from performance by the acts, representations, omissions, or conduct of the Insurers.

45. Notwithstanding the foregoing, the Insurers have failed to timely and promptly pay the full amount due and owing under the Policy for the covered losses sustained by Plaintiff.

46. The Insurers' failure to timely and promptly pay all amounts due and owing under the Policy is a breach of the insurance contract.

47. As a direct result of the Insurers' breach of the insurance contract, Plaintiff has incurred, and continues to incur, damages.

48. As a direct result of the Insurers' breach of its insurance contract, Plaintiff was forced to retain counsel and is obligated to pay reasonable attorneys' fees and costs in connection with the prosecution of this action. Plaintiff is entitled to reimbursement of these fees and costs

pursuant to Section 627.428 of the Florida Statutes.

**WHEREFORE,** Plaintiff, MILTON JONES MANAGEMENT CORPORATION, respectfully requests this Court enter an award of all damages, attorneys' fees and, and any such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, MILTON JONES MANAGEMENT CORPORATION, demands a jury trial for the issues so triable.

Dated: January 26 2021.

                Respectfully Submitted,

                **DI PIETRO PARTNERS LLP**
                901 Las Olas Blvd., Suite 202
                Fort Lauderdale, FL 33301
                *Primary Service Email:*
                *service@ddpalaw.com*
                *Secondary Service Email:*
                *paralegal2@ddpalaw.com*
                Telephone: (954) 712-3070
                Facsimile: (954) 337-3824

                */s/ David Di Pietro*
                **DAVID DI PIETRO, ESQ.**
                Florida Bar No.: 10370
                *david@ddpalaw.com*
                **NICOLE MARTELL, ESQ.**
                Florida Bar No.: 100172
                *nicole@ddpalaw.com*
                **LISANDRA ESTEVEZ, ESQ.**
                Florida Bar No.: 111475
                *lisandra@ddpalaw.com*